**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4026**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

      v.

JERICO A. LEGGETT, SR.,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Senior District Judge. (4:19-cr-00075-RBS-1)

Submitted: June 23, 2020                           Decided: July 31, 2020

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, Megan M. Durkee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, Alexandria, Virginia, Dee M. Sterling, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerico A. Leggett, Sr., appeals the district court's order affirming his conviction by a magistrate judge for forcibly resisting arrest, in violation of 18 U.S.C. § 111(a)(1) (2018). While conceding that he resisted arrest, Leggett disputes that he did so forcibly. For the reasons that follow, we affirm.

Where, as here, the defendant is convicted after a bench trial, we review the criminal judgment "under a mixed standard of review: factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (internal quotation marks omitted).

> In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict. Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.

*Id.* (internal quotation marks omitted).

The evidence adduced at trial established that Leggett approached a military base security checkpoint, failed to produce identification, and then ran from federal officers. After trying to climb a barbed wire fence, Leggett fell to the ground, at which point two officers jumped on top of him. Leggett then began to thrash around, attempting to stand up while keeping his hands tucked into his jacket. According to one of the officers, the three men were wrestling on the ground and, although Leggett did not strike, push, or kick the officers, he made contact with them as he tried to regain his feet. Eventually, Leggett ceased resisting and allowed the officers to handcuff him.

2

Contrary to Leggett's first argument, we discern nothing in § 111(a)(1) requiring proof that the defendant attempted or threatened to harm an arresting officer. Thus, the absence of such evidence does not entitle Leggett to vacatur of his conviction.

Next, we reject Leggett's central contention that his resistance was passive and nonforcible. Even assuming that Leggett did not intend to direct force against the officers, the evidence nevertheless established that Leggett exerted force in attempting to evade arrest, both as he thrashed on the ground and as he tried to stand up.

Finally, we are unpersuaded by Leggett's reliance on *United States v. Davis*, 690 F.3d 127 (2d Cir. 2012), where the defendant's § 111(a)(1) conviction was vacated because "there was no evidence that [the defendant] engaged in any conduct whatsoever that demonstrated a desire to injure an agent or would cause an agent to apprehend immediate injury." *Id.* at 137. Unlike the Second Circuit, we do not require proof of a simple assault in order to sustain a conviction for forcibly resisting arrest. *See United States v. Briley*, 770 F.3d 267, 274-75 (4th Cir. 2014). Thus, regardless of the similarity between Leggett's conduct and the actions of the defendant in *Davis*, we find the two cases readily distinguishable.[*]

---

[*] We also find no merit in Leggett's assertions that the magistrate judge and the district court reversibly erred in their consideration of the force issue.

3

Accordingly, we affirm Leggett's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*